UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| BENJAMIN LASHAWN COOPER, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5: 13-72-DCR |
| ) | |
| V. ) | |
| ) | |
| FRANCISCO J. QUINTANA, Warden of ) | **MEMORANDUM OPINION** |
| FMC-Lexington, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Benjamin Lashawn Cooper is an inmate confined at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"). Proceeding without counsel, Cooper has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] A § 2241 petition is not the proper manner of obtaining the relief sought. Therefore, Cooper's petition will be denied.

**I.**

On October 20, 1992, Cooper and eight co-defendants were indicted for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. *See United States v. Reese*, 67 F.3d 902, 909 (11th Cir. 1995). Cooper was also indicted separately for possession and use of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). *See* Supplemental Brief of Appellant Benjamin Lashawn Cooper, *United*

-1-

*States v. Reese*, 67 F.3d 902 (11th Cir. 1995) (No. 93-8843), 1994 WL 16126294, at *2 ("Supplemental Brief"). On April 16, 1993, a jury found Cooper guilty under both indictments. Thereafter, he was sentenced to consecutive terms of imprisonment of 360 months on the drug conspiracy charge and 60 months on the firearms charge. *See id.* Cooper's sentence on the conspiracy charge was later reduced to 292 months. *Cooper v. United States*, No. CV509-038, 2010 WL 1664972, at *1 (S.D. Ga. Feb. 2, 2010). On direct appeal, Cooper argued that: (i) the district court had improperly refused to sever his trial from the trial of his co-defendants; (ii) there was insufficient evidence to support his firearms conviction; and (iii) the admission of a non-testifying co-defendant's confession violated *Bruton v. United States*, 391 U.S. 123 (1968). *See* Brief of Appellant Benjamin Lashawn Cooper, *United States v. Reese*, 67 F.3d 902 (11th Cir. 1995) (No. 93-8843), 1994 WL 16126304, at *1 ("Appellate Brief").

Unlike five of his co-defendants who also directly appealed their convictions, Cooper did not challenge the district court's calculation of the drug quantity attributed to him. *See* Brief of the United States, *United States v. Reese*, 67 F.3d 902 (11th Cir. 1995) (No. 93-8843), 1994 WL 16126297, at *51; *see also* Supplemental Brief of the United States, *United States v. Reese*, 67 F.3d 902 (11th Cir. 1995) (No. 93-8843), 1994 WL 16126291, at *1 ("Supplemental Brief of the United States"); Appellate Brief, 1994 WL 16126304, at *1; Supplemental Brief, 1994 WL 16126294, at *1. On November 16, 1994, Cooper was granted leave from the Eleventh Circuit to file a supplemental appellate brief. Again, however, Cooper did not raise the issue of the district court's calculation of the attributable drug

quantity. *See* Supplemental Brief of the United States, *United States v. Reese*, 67 F.3d 902 (11th Cir. 1995) (No. 93-8843), 1994 WL 16126291, at *1 ("Supplemental Brief of the United States"); *see also* Appellate Brief, 1994 WL 16126304, at *1; Supplemental Brief, 1994 WL 16126294, at *1

Nonetheless, on October 26, 1995, the Eleventh Circuit found that the only argument presented by the appellants that warranted discussion was whether the district court misapplied section 1B1.3 of the United States Sentencing Guidelines ("Guidelines") when determining the amount of cocaine attributable to each of the defendants for sentencing purposes — an issue Cooper did not directly raise in his initial appellate brief or his supplemental brief. *See Reese*, 67 F. 3d at 903; *see also* Appellate Brief, 1994 WL 16126304, at *1; Supplemental Brief, 1994 WL 16126294, at *1. Ultimately, the Eleventh Circuit found that the district court failed to properly apply the 1992 amendments to the guidelines to four of the defendants who raised that argument on appeal. As a result, the court remanded their cases for resentencing. *Reese*, 67 F. 3d at 909. Cooper's sentence was upheld. *Id.*

Following his unsuccessful direct appeal and proceeding with the assistance of counsel, on June 24, 1996, Cooper filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Cooper v. United States*, No. 5: 96-CV-60-AAA-JEG (S.D. Ga. 1996). He argued that his sentence for drug trafficking should have been vacated and remanded for the same reasons articulated by the Eleventh Circuit concerning his co-

defendants. Cooper's initial § 2255 motion was denied by the district court on February 18, 1997. [*See Cooper*, Civil Action No. 5: 96-60-AAA-JEG, Record Nos. 14, 15.]

In July 2009, proceeding without counsel, Cooper filed a second § 2255 motion. *See United States v. Cooper*, No. 5:92-CR-29-JRH-JEG (S.D. Ga. 1992). In connection with his second § 2255 motion, Cooper also filed a "Motion for Hearing on Issue of Factual Dispute," in which he superficially raised the argument that the Supreme Court's holding in *Bailey v. United States*, 516 U.S. 137 (1995),[1] undermined his prior firearm conviction. [*See Cooper*, Criminal Action No. 5: 92-29-JRH-JEG, Record Nos. 972, 977.] In April 2010, the district court dismissed Cooper's second § 2255 motion as a successive petition. [*See id.* at Record No. 1013; *see also id.* at Record No. 1086, pp. 2-4.] Cooper also filed a motion pursuant to Rule 60(b) of Federal Rules of Civil Procedure on March 12, 2012, seeking relief from his original conviction and sentence. However, the district court denied his motions. [*See id.* at Record Nos. 1085, 1092, 1100.] On March 14, 2013, Cooper filed his petition for habeas relief under § 2241. [Record No. 1]

## II.

In conducting an initial review of habeas petitions pursuant to 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254

---

[1] The Supreme Court in *Bailey* held that the word "use" in 18 U.S.C. § 924(c)(1) requires evidence of more than "mere possession" of a weapon by a person who commits a drug offense. *Bailey*, 516 U.S. at 143-144 ("We conclude that the language, context, and history of § 924(c)(1) indicate that the Government show active employment of the firearm.").

Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Cooper is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, Cooper's factual allegations are accepted as true and his legal claims are liberally construed in his favor.

In his § 2241 motion, Cooper alleges that, prior to his trial, the district court entered a standing order which stated that any objection raised by any of the co-defendants would be treated as an objection made by all of the co-defendants. [Record No. 1, pp. 1-2] He contends that he objected to the quantity of cocaine attributed to him during his individualized sentencing hearing. [Record No. 1, p. 2] He also alleges that, on appeal, he and four of his co-defendants objected to the district court's use of the guidelines in effect prior to the 1992 amendments. *Id.* Specifically, Cooper claims that he filed a motion to adopt the arguments made by his co-appellants and that, on April 20, 1994, the Eleventh Circuit granted his motion. [*Id.*, p. 4] Notwithstanding this claim, the Eleventh Circuit granted relief to four of Cooper's co-defendants and remanded their cases for resentencing, but it upheld his conviction and sentence. *See Reese*, 67 F.3d 902. Cooper contends that the Eleventh Circuit's action caused an unwarranted sentencing disparity. [Record No. 1, p. 4-5] He also raises the additional argument that the district court's denial of relief under *Bailey* violated his constitutional rights, and he makes a claim of actual innocence. [*Id.*, p. 3-4]

Cooper's claim that the district court misapplied the 1992 amendments to § 1B1.3 of the guidelines when he was sentenced on June 16, 1993, fails to provide a basis for habeas

relief under § 2241.[2] The Sixth Circuit has consistently held that the "savings clause" of 28 U.S.C. § 2255(e) permits a petitioner to file a habeas petition under § 2241 only in the narrowly-defined set of circumstances of challenging his conviction, not the sentence imposed. *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."); *see also Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). Cooper's contention that the district court committed a sentencing error is not cognizable under § 2241 and must be denied.

---

2   Nothing in the record supports Cooper's contention that he properly presented this claim to the Eleventh Circuit on direct appeal. Assuming the truth of his assertion that he preserved the issue for appellate review through his co-defendant's objections and operation of the trial court's standing order, merely preserving an issue for appeal does not satisfy the independent requirement that he assert it as a basis for reversal during the appellate briefing process. Fed. R. App. P. 28(a); *Hamilton v. Southland Christian School, Inc.*, 680 F.3d 1316, 1319-20 (11th Cir. 2012) ("Under our caselaw, a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate. Otherwise, the issue — even if properly preserved at trial — will be considered abandoned.").

Cooper separately alleges that the Eleventh Circuit granted his motion to adopt the arguments made by his co-appellants on April 20, 1994. [Record No. 1, p. 4] However, the Government filed its response brief six months later on October 24, 1994, and while it responded to each of the guideline claims made by the five co-defendants who asserted them, no mention is made of such a claim by Cooper. Brief of the United States, *United States v. Reese*, 67 F.3d 902 (11th Cir. 1995) (No.93-8843), 1994 WL 16126297, at *51-57. Had Cooper believed that this was an oversight or a concession by the Government, he surely would have noted the omission in either his Supplemental Brief, filed on November 16, 1994, or his Reply Brief of Appellant Benjamin Lashawn Cooper, *United States v. Reese*, 67 F.3d 902 (11th Cir. 1995) (93-8843), 1994 WL 16126296, filed on November 21, 1994. Notably, neither document mentions a claim made by him under the guidelines or the Government's failure to respond to it.

Cooper's *Bailey* argument fares no better. As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the Bureau of Prisons' calculation of sentence credits). *See Peterman*, 249 F.3d at 461; *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241.

The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner may challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d

722, 724 (6th Cir. 2003). However, he or she may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Here, Cooper filed his initial § 2255 motion on June 24, 1996 — over six months after the Supreme Court decided *Bailey*. Thus, any potential claim under *Bailey* was available to Cooper when he filed his initial § 2255 motion. It was not until Cooper's second § 2255 proceeding in July 2009 that he challenged his § 924(c) conviction under *Bailey*. However, the district court denied that motion. [*See Cooper*, Criminal Action No. 5: 92-29-JRH-JEG, Record Nos. 993, 1006, 1013; *see also id.* at Record No. 1086, pp. 2-4.] As noted above, the remedy afforded by § 2255(a) is not "inadequate or ineffective" to test the legality of a prisoner's conviction where, as here, the petitioner filed a § 2255 motion and was denied relief, or the time to file a § 2255 motion has passed. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Charles*, 180 F.3d at 756 ("[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate."). Thus, because § 2255 afforded Cooper a viable mechanism to assert his claim under the holding in *Bailey*, the Court may not consider it in a petition filed pursuant to § 2241. *See, e.g., Taylor v. O'Brien*, No. 05-CV-54-HRW, 2005 U.S. Dist. LEXIS 9151, at *13 (E.D. Ky.

Apr. 11, 2005) (finding that because the petitioner failed to demonstrate that his remedy under § 2255 was inadequate or ineffective regarding his *Bailey* claim, the district court denied the petitioner's § 2241 motion).

## III.

For the reasons discussed above, it is hereby

**ORDERED** as follows:

1. Petitioner Benjamin LaShawn Cooper's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent Francisco J. Quintana, Warden of FMC-Lexington.

This 3rd day of October, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge